IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINA TUBBS, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:24-CV-1976-G-BK |
| | § | |
| HUD HOUSING DIVISION, | § | |
|     DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE** as frivolous.

**I. BACKGROUND**

On July 30, 2024, Regina Tubbs, a resident of Fort Worth, Texas, filed a *pro se* complaint against the HUD Housing Division. The complaint is incoherent and nonsensical, just as are the other nine cases she filed this year. Doc. 3. Tubbs alleges *in toto*:

> I want to file an 80 million$ lawsuits on HUD (Federal\Government) Housing Division for being violated by All AFL-CIO (DBA/Division) (Broadcast) Media Identity Theft / AI / Biometric/Wire



Doc. 3 at 1.

Tubbs pleading, however, fails to allege a cognizable federal claim.

## II. ANALYSIS

Because Plaintiff did not pay the filing fee, the Court presumes that she seeks leave to proceed *in forma pauperis*. Her complaint is thus subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides *inter alia* for the *sua sponte* dismissal of a complaint if the Court finds that it is frivolous or malicious. A complaint is frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional"

scenarios, or that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Tubbs has failed to state a viable legal claim or anything that can be construed as such. Moreover, as illustrated *supra*, her factual contentions appear irrational and incredible and, thus, inadequate to support any cognizable claim. *See Denton*, 504 U.S. at 33.

Consequently, Tubbs' complaint should be dismissed with prejudice as factually and legally frivolous.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint before dismissal, but leave is not required when she has already pled her "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed here Tubb has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of her complaint, it is highly unlikely that, given the opportunity, Tubbs could allege cogent and viable legal claims. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.[1]

---

[1] Nevertheless, the 14-day objection period will give Tubbs the opportunity to proffer allegations to refute this finding.

### IV. SANCTION WARNING

Since January 2024, Tubbs has filed nine actions in this Court. At least four have either been dismissed as legally or factually frivolous or a recommendation is pending to dismiss on that ground. *See, e.g.*, *Tubbs v. State of Texas*, No. 3:24-cv-00221-S-BN (N.D. Tex. March 13, 2024) (dismissing with prejudice as frivolous and delusional); *Tubbs v. Argon*, No. 3:24-cv-00686-B-BN (N.D. Tex. May 20, 2024) (same). *See also* Nos. 3:24-cv-01701-E-BN, 3:24-cv-01752-E-BN (magistrate judge's recommendation pending review).

Under these circumstances, Tubbs should be warned that if she persists in filing frivolous or baseless cases, or cases that fail to state a claim, the Court may impose monetary sanctions and bar him from bringing any further action. *See* FED. R. CIV. P. 11(b)(2)&(c)(1) (providing for the imposition of sanctions against *pro se* litigants or attorneys). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Ferguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

### V. CONCLUSION

For all these reasons, Tubbs' complaint should be **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

In addition, Tubbs should be **WARNED** that if she persists in filing frivolous or baseless actions, or cases that fail to state a claim, monetary sanctions may be imposed and she may be barred from filing any future lawsuits.  FED. R. CIV. P. 11(b)(2) and (c)(1).

**SO RECOMMENDED** on September 18, 2024.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).